IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

PAUL M. GORDON                                                        PLAINTIFF

        v.                          Civil No.    13-6053

LECA LEDBETTER, Court
Reporter                                                              DEFENDANT

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff filed this case pursuant to 42 U.S.C. § 1983.  He proceeds *pro se* and *in forma pauperis.*  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2013), the Honorable Robert T. Dawson, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

The matter is presently before me on Defendant's motion to dismiss (Doc. 15).  Plaintiff has responded (Doc. 17) to the motion and it is now ready for decision.

**I. Background**

According to the allegations of the complaint (ECF No. 1) and the supplements (ECF Nos. 7 & 10) to it, Defendant Leca Ledbetter serves as court reporter for Judge Chris Williams.  Plaintiff maintains Ledbetter altered the transcripts of three separate hearings. The first hearing was on a petition filed pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure.  This hearing was held on May 15, 2012, in the case of *State v. Gordon*, CR-2010-261 in the Circuit Court of Hot Spring County.  The second hearing concerned an adoption held in the Circuit Court of Grant County.  It was a probate matter, *In re Matter of the Adoption of Krysta Love Draper*, PR- 2012-29. This hearing was held on August 13, 2012.  The third hearing was held on March 7, 2011, in the case of *Draper v. Gordon*, Circuit Court of Grant County, DR-2010-110-1.

-1-

Plaintiff maintains the hearing transcripts were "altered to cover up mis-conduct of the judge [in the three] hearings, and to also aid the petitioner['s] case in the second case." ECF No. 1 at pg. 7; ECF No. 10 at pg. 6. Plaintiff noticed the alterations when he obtained transcripts of the hearings.

Plaintiff indicates he has made complaints regarding the conduct of both Judge Williams and of Ledbetter to the appropriate state agencies or boards. Plaintiff states that he knows Ledbetter from church. Plaintiff states that the pastor was very outspoken against him and he feels she informed Judge Williams about the statements.

As relief, Plaintiff asks that: Ledbetter be disciplined; the records be corrected; the Board of Certified Court Reporter Examiners be investigated regarding it's failure to act with respect to his complaint; the judge be dealt with appropriately; and he be compensated for the substantial amount of harm done.

## II. Applicable Standard

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc*., 588 F.3d 585, 594 (8th Cir. 2009)(*quoting Ashcroft v. Iqbal*,556 U.S. 662, 678 (2009)).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" *Braden*, 588 F.3d at 594 (*quoting Iqbal*, 556 U.S. at 678). The standard does "not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation," or reasonable inference, that the "defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Stone v. Harry*, 364 F.3d 912,

914 (8th Cir. 2004)(While pro se complaints are liberally construed, they must allege sufficient facts to support the claims.).

### III.  Discussion

Ledbetter maintains the case should be dismissed.  She argues that: no constitutional claim has been stated; the claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994); and Plaintiff may not seek relief relating to the underlying criminal proceedings through § 1983.  In response, Plaintiff maintains he has sufficiently pled a due process claim against Ledbetter.  He maintains the transcript alterations were designed to cover up misconduct on the part of the Judge and seriously affected the outcome of the three cases.

### (A).  Statement of a Claim

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law.  *See West v. Atkins,* 487 U.S. 42, 48 (1988).  In *Antoine v. Byers & Anderson, Inc.,* 508 U.S. 429 (1993), the Supreme Court was faced with the issue of whether court reporters were entitled to absolute judicial immunity from suit.  The Court held that the absolute immunity afforded to judges did not extend to court reporters.  *Id.* at pg. 436.

Additionally, it has been held that there is no constitutional right to a totally accurate transcript.  *Tedford v. Hepting*, 990 F.2d 745, 747 (3d Cir. 1993); *see also Colyer v. Ryles*, 827 F.2d 315, 316 (8th Cir. 1987)(explaining that a civil complaint for damages was frivolous where the plaintiff was not prejudiced by the allegedly altered transcript).  Instead, a constitutional claim exists only if the inaccuracies materially altered the transcript such that Plaintiff's constitutional rights were violated.  *Id.*

With respect to the alterations alleged to have occurred in the two civil cases, the Court

believes Plaintiff has alleged a plausible claim that his due process rights were violated.  *See e.g.,*
*Odum v. Wilson*, 517 F. Supp. 474, 475 (S.D. Ohio 1987)(altercation of court transcript implicates
due process).  *Cf. Costanich v. Dep't of Soc. & Health Servs.,* 627 F.3d 1101, 1108 (9th Cir.
2010)("deliberately fabricating evidence in a civil child abuse proceeding violates the Due Process
Clause of the Fourteenth Amendment when a liberty or property interest is at stake").  With respect
to the criminal conviction, whether or not the alleged inaccuracies materially altered the transcript,
Plaintiff, for the reasons discussed below, may not presently challenge the conviction through the
use of this civil rights law suit.

   **(B).  Application of *Heck***

   In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a claim for damages
for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions
whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the
conviction or sentence has been reversed on direct appeal, expunged by executive order, declared
invalid by a state tribunal authorized to make such a determination, or called into question by a
federal court's issuance of a writ of habeas corpus."  *Heck*, 512 U.S. 486-87.

   Plaintiff's underlying conviction has not been called into question in anyway.  Thus, any
claims relating to the invalidity of the state court conviction, are not presently cognizable.

   **(C).  Type of Relief Available**

   Plaintiff may not use the civil rights statutes as a substitute for *habeas corpus* relief.  In other
words, Plaintiff cannot seek declaratory or injunctive relief relating to his confinement and/or
conviction.  *See e.g., Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Heck v. Humphrey*, 512 U.S.
477, 483-89 (1994); *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973)(habeas corpus is the exclusive
remedy for prisoners attacking the validity of their conviction or confinement).  Thus, to the extent

Plaintiff seeks relief from his state criminal conviction and the sentence arising out of that conviction, the claim is not cognizable under § 1983.

### IV.  Conclusion

Accordingly, I recommend that the motion to dismiss (ECF No. 15) be granted in part and denied in part.   In particular, any claims arising out of Plaintiff's underlying state court conviction and sentence should be dismissed. Plaintiff's remaining claims stemming out of inaccuracies or falsification of the two transcripts in civil matters will proceed.

**The Plaintiff has fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 14th day of April 2014.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE