IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

PAUL M. GORDON                                                                                            PLAINTIFF

v.                    Civil No. 6:13-cv-06053-RTD-BAB

LECA LEDBETTER, Court Reporter                                                           DEFENDANTS

### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff, Paul M. Gordon, pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated in the Arkansas Department of Corrections ("ADC") Varner Unit. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Robert T. Dawson, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Currently before me is a Summary Judgment Motion from Defendant Ledbetter. ECF No. 46. Plaintiff Responded. ECF No. 53. After careful consideration, the undersigned makes the following Report and Recommendation.

I.    BACKGROUND

Plaintiff filed his Complaint on May 22, 2013, suing Defendant Ledbetter in both her official and individual capacities. ECF No. 1. He filed Supplements on June 11, 2013, July 22, 2013, August 21, 2013, and February 19, 2014, . ECF Nos. 7, 9, 10, 18. According to the allegations of the Complaint and the Supplements, Defendant Ledbetter serves as Court Reporter for Judge Chris Williams. Plaintiff alleges Defendant Ledbetter altered the transcripts of three

1

separate hearings. One hearing concerned his state criminal conviction, and was therefore dismissed from consideration in this case pursuant to the *Heck* doctrine. ECF Nos. 23, 28. The two remaining hearings at issue here deal with civil matters. The March 7, 2011 hearing concerns an Order of Protection filed by Plaintiff's ex-wife in *Draper v. Gordon*, DR-10-229-1. The August 13, 2012 hearing concerned the adoption of Plaintiff's daughter by her stepfather in *In re the Matter of the Adoption of K.L.D,* PR-2012-29. Plaintiff alleges Defendant Ledbetter altered the transcripts to "cover up mis-conduct of the Judge. . .and to also aid the petitioner's [adoption] case." [sic] ECF No. 1, p. 4.

    Plaintiff indicates he made complaints regarding the conduct of both Judge Williams and Defendant Ledbetter to the appropriate state agencies or boards. Plaintiff also states he knows Defendant Ledbetter from church. Plaintiff states the pastor of the church was very outspoken against him and he feels Defendant Ledbetter informed Judge Williams about the pastor's statements. ECF No. 1, p. 5.

    The Board of Certified Court Reporters found "insufficient cause to go forward" on his complaint with them and denied his request for reconsideration. ECF Nos. 10, 11. Plaintiff did not submit his complaint to, or any responses from, the Arkansas Judicial Discipline and Disability Commission regarding his alleged judicial misconduct complaint.

    On August 26, 2014, the Court entered an Order directing the ADC to make Plaintiff available to listen to the audio recordings of the hearings. Plaintiff was to be afforded the appropriate devices needed for listening and a quiet, private place to do so. Plaintiff was further to be permitted his legal and writing materials while he was listening to the tapes and sufficient time to listen to them. ECF No. 34. A Notice of Compliance with this Order was filed on

September 4, 2014. ECF No. 35.

Defendant Ledbetter filed her Summary Judgment Motion on January 20, 2015. ECF Nos. 46,47,48. She requests this to be granted with prejudice. ECF No. 48, p. 3.

Plaintiff Responded on March 23, 2015. ECF No. 53. Plaintiff's Response argues the audio recordings he heard were not the original records that he requested, but instead "were altered to match [the] transcripts." He states he asked to purchase the originals, but that request was denied. He further states that he asked to have the audio recordings tested to show proof of tampering, but that motion has not been ruled on yet. Plaintiff references ECF No. 10 (Complaint Supplement) and ECF No. 36 (Motion for Production) in these statements.

Plaintiff seeks to have Defendant Ledbetter disciplined; to have the record corrected; to have the Board of Certified Court Reporters investigated for failing to act against Defendant Ledbetter; to "deal with the judge appropriately for his involvement;" and monetary damages. ECF No. 1, p. 6.

## II.     LEGAL STANDARD

The Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.,* 49 F.3d 399, 401 (8th Cir. 1995). The moving party has the burden of showing the absence of a genuine issue of material fact and that they are entitled to judgment as a matter of law, but the nonmoving party may not rest upon mere denials or allegations in the pleadings and must set

forth specific facts to raise a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). The Court must view all evidence and inferences in a light most favorable to the nonmoving party. *See McCleary v. ReliaStar Life Ins. Co.,* 682 F.3d 1116, 1119 (8th Cir. 2012). However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### III. DISCUSSION

Plaintiff first alleged the transcripts were altered. After listening to the audio recordings, he then alleged the audio recordings were altered to match the transcripts. However, he provides only limited detail as to exactly what those alterations were, and no detail as to how those alleged alterations violated his constitutional rights in the civil cases in question.

Plaintiff states he filed a complaint against Judge Williams with the Judicial Discipline and Disability Commission alleging acts of misconduct. He also states he noticed Judge Williams was a member of that Committee when he received his letter acknowledging receipt of the judicial misconduct complaint. Plaintiff further alleges "he realized quickly what had happened" when he received his requested transcripts "at the same time he received the letter," and several weeks before expected. ECF No. 1, p. 5. Specifically, Plaintiff argues that transcript was altered to protect the judge once it was known that he had filed a judicial misconduct complaint. Plaintiff did not attach the judicial misconduct complaint to the Complaint or Supplements he filed with the Court for this action.

Plaintiff's Complaint with the Court provides the following detail concerning the alleged

4

alterations in his civil hearings:

- Plaintiff states the judicial misconduct complaint included "courtroom statements."
- "As I worked on my appeal brief and researched the Court Rules, I found that the Judge had told me three more things during the hearing that wasn't true." ECF No. 1, p. 5.
- "Judge Williams told things from the podium in the August Hearing that was obviously told to him from gossip, but the wording was changed in the record because I reported that in my [judicial misconduct] complaint." ECF No. 1, p. 5.
- "August 13 Hearing, pages 56, 70, 71, 56(13)[1] Judge said we are under Arkansas Rules of Civil Procedure (17), I cited Zardin v. Terry caselaw 70(17) changed question 71(2) didn't ask; other areas 50(16) 51(21)62(12)66(1)69(15)72(4)73-76." ECF No. 1, p. 5.

Plaintiff's Supplements do not provide any additional detail as to the alleged errors. Neither the Complaint nor the Supplements indicate exactly how these errors prejudiced Plaintiff.

Defendant Ledbetter submitted the audio recordings of both hearings, the original transcript completed by her, and transcripts of those same hearings completed by a non-party court reporter[2] for the Court's review.

There is "no constitutional right to a totally accurate transcript. . . ." *Tedford v. Hepting*, 990 F.2d 745, 747 (3d Cir. 1993). Constitutional due process rights are implicated only when the

---

[1] Plaintiff indicates he numbered the transcript pages as "page(line)." ECF No. 1, p. 5.

[2] The transcript from the non-party court reporter included a typographic error, dating the *Draper v. Gordon* hearing as May 7, 2011 instead of March 7, 2011.

5

inaccuracies are substantial enough to adversely effect the outcome of the case or prevent meaningful appellate review. *Id.* A due process violation cannot occur when the altered transcript "was not the basis of the adverse district court decision." *Colyer v. Ryles*, 827 F.2d 315, 316 (8th Cir. 1987). A due process claim is meritless when the Plaintiff fails to provide evidence of the transcript alterations, fails to specify what he believes is inaccurate in the transcript, and fails to identify what specific issue for appellate review would be hampered by the alleged inaccuracies. *Carpenter v. Vaughn*, 296 F.3d 138, 155 (3d Cir. 2002).

Even when a Plaintiff provides strong evidence that a court reporter's work is of poor quality, "negligence in transcription, by itself, is insufficient to support [a] § 1983 claim." *Hampton v. Segura*, 276 Fed. Appx. 413, 415 (5th Cir. 2008)(unpublished)(citing *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Loubser v. Thacker*, 440 F.3d 439 (7th Cir. 2006)("court reporters are not liable in a section 1983 case for innocent errors, even if negligent.). Proven inaccuracies must materially alter the testimony and evidence to support a § 1983 claim. *Hampton*, 276 Fed. Appx. at 415; *Tedford*, 990 F.2d at 747; *see e.g. Robinson v. Smyth*, 258 Fed. Appx.469, 471 (3d Cir. 2007) (omission of the word "premeditated" from a forensic expert's testimony and of the contents of one evidentiary ruling from transcript "did not come close" to constitutional violation).

In this case, Plaintiff has made only vague statements about the alleged inaccuracies and provided no argument as to how these inaccuracies materially affected eitther to outcome of the the civil cases or his ability to obtain meaningful appellate review. None of them come close to supporting a claim of constitutional due process violation.

Plaintiff alleges he included "courtroom statements" in a judicial misconduct complaint that he did not file with the Court. He fails to specify what those courtroom statements were, fails to

6

specify how they affected the outcome of the case, and fails to identify what specific issue for appellate review would be hampered by these"courtroom statements."

Plaintiff alleges the judge told him "three things" during the hearing that were not true. He also states the judge said things from the podium that could only come from gossip. He fails to identify what these "things" were. He also fails to specify how they affected the outcome of the case, and fails to identify what specific issue for appellate review would be hampered by the alleged inaccurate "things."

Plaintiff alleges the Judge Williams cited an Arkansas Rule of Civil Procedure, and Plaintiff cited a case back in response. He alleges the Judge did not ask a question that was in the transcript. He states there were "other areas" and cites several page and line numbers. Other than the statement that the transcript includes a question that was not asked, he fails to specify what he believes is inaccurate in the record. Nor does he indicate what the inserted question was, or its significance. He fails to specify how these issues affected the outcome of the case, and fails to identify what specific issue for appellate review would be hampered by the alleged inaccuracies.

In his Response, Plaintiff argues the audio tapes must have been altered to match the transcripts. However, he cannot identify with any specificity what was altered or its significance.

The Court listened to the audio recordings and reviewed both sets of transcripts. I agree with Plaintiff's statement that the audio recordings match the original transcript. I find both transcripts to be materially the same, and both transcripts to accurately reflect the hearings covered. At most I note the non-party transcript included a side discussion concerning partial payment of court costs that the original transcript did not, there were some grammatical differences such as whether a statement was indicated as one or two sentences, and the non-party transcript listed Plaintiff's

7

lawyer as Trey rather than Craine. These are not material or substantial differences that could affect the outcome of, or appellate review for, a case.

Accordingly, there are no genuine issues of material fact regarding Plaintiff's claim that altered transcripts violated his constitutional due process rights, and these claims fail as a matter of law.

**IV.     CONCLUSION**

For the foregoing reasons, I recommend Defendant's Motion for Summary Judgment (ECF.No. 46.) be **GRANTED** and that the Defendant be dismissed from this action **with prejudice**.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**IT IS SO ORDERED** this 13th day of July 2015.

                                                /s/    Barry A. Bryant  
                                                HON. BARRY A. BRYANT  
                                                UNITED STATES MAGISTRATE JUDGE